UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

**JASON DEAN BORDEN**                                                                          **PLAINTIFF**

**v.**                                                                **CIVIL ACTION NO. 1:08-CV-P132-M**

**U.S. DISTRICT COURT, WESTERN DISTRICT OF KY.**                              **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Jason Dean Borden, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

**Motion for leave to clarify the named defendant (DN 18)**

Before initial review, however, the Court will consider Plaintiff's motion for leave to clarify the named defendant (DN 18). This motion is less than clear. Plaintiff apparently believes that the Clerk of Court erroneously opened this case listing the United States District Court as Defendant rather than Judge McKinley. In fact, Plaintiff's complaint named as Defendant "United States District Court Western District Ky." And, every other document filed by Plaintiff before this motion in this case had listed in the caption as Defendant the U.S. District Court. The Court further notes that the substitution or addition of the undersigned as Defendant in this action would not change the outcome of this matter. The doctrine of absolute judicial immunity protects federal judges from injunctive relief as well as money damages. *See Massey v. Stosberg*, 136 F. App'x. 719, 720 (6th Cir. 2005); *Bolin v. Story*, 225 F.3d 1234, 1240 (11th Cir. 2000) ( "[T]o allow injunctive relief against federal judges would be to permit a 'horizontal appeal' from one district court to another or even 'reverse review' of a ruling of the court of

appeals by a district court." (Citation omitted)). Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to clarify the named defendant (DN 18) is **DENIED**.

## I. SUMMARY OF CLAIMS

Plaintiff's complaint is not a model of clarity. Plaintiff alleges that Defendant ignored repeated motions and other filings, thereby allowing repeated illegal actions against him by a state court judge, court reporter, commonwealth attorneys, and state court clerks. He appears to allege that the state court refused to provide him hearings. He states that he suffers from several mental illnesses. He asserts, "The number of United States District Court officers aware that Plaintiff required protection of his Rights, are numbered in the teens to twenties or more. None offered any valid response that anyone could follow." As relief, he requests a conference with the U.S. District Court, an appointed attorney, and "official protection of his rights."

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid

dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff's claims against the United States District Court for the Western District of Kentucky are frivolous and based on an indisputably meritless legal theory. As a part of the government of the United States of America, the United States District Court for the Western District of Kentucky is entitled to sovereign immunity which bars suit absent an explicit waiver of that immunity. *See*, *e.g.*, *United States v. Shaw*, 309 U.S. 495, 500-01 (1940) (a suit against the United States or its agencies is barred by the doctrine of sovereign immunity unless the United States gives prior consent to suit).

Nor may Plaintiff seek equitable relief from the District Court. Equitable relief is available only in the absence of adequate remedies at law. *Switzer v. Coan*, 261 F.3d 985, 991 (10th Cir. 2001); *Affeldt v. Carr*, 628 F. Supp. 1097, 1102-03 (N.D. Ohio 1985). Because the court's rulings may be challenged on appeal or through an extraordinary writ, the type of equitable relief plaintiff may be seeking in the present matter is unavailable as a matter of law. *Switzer v. Coan*, 261 F.3d at 991. Thus, Plaintiff's claims are frivolous within the meaning of 28 U.S.C. § 1915(A)(b)(1). They will be dismissed by separate Order.

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss Plaintiff's claims.

Date:

cc:  Plaintiff, *pro se*
4413.009

3